**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GRETA REAFSNYDER, | ) | No. SACV 11-659-CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. Defendant has moved to dismiss the complaint for lack of jurisdiction due to failure to exhaust administrative remedies under Fed. R. Civ. P. 12(b)(1). For the reasons discussed below, the motion is **GRANTED**.

**I.   BACKGROUND**

The relevant facts are not in dispute.

On July 29, 2008, Plaintiff filed a claim for supplemental security income ("SSI") and disability insurance benefits ("DIB") alleging disability since July 23, 2004. Her claims were denied

initially, and Plaintiff then filed a timely request for reconsideration. [Motion to Dismiss, ("MTD"), Declaration of Yolanda Vargas ("Vargas Decla") at 2.]

On August 28, 2009, the reconsideration request was denied, and, according to the electronic case processing system of the Office of Disability Adjudication and Review ("ODAR"), a copy was mailed to both Plaintiff and her attorney.[1] [Id. at 3.] The denial notice gave Plaintiff sixty (60) days within which to file a request for an administrative hearing. [Id.] The ODAR electronic case processing system does not show that either copy was returned by the U.S. Postal service as "undeliverable." [Id.]

Plaintiff's Request for Hearing was submitted approximately one year after it was due, on about September 28, 2010. [Varga Decla., Ex. 2.] Along with the request, Plaintiff submitted declarations from herself and her attorney asserting under penalty of perjury that neither received the notice of the reconsideration determination. [Id.]

On November 5, 2010, an Administrative Law Judge ("ALJ") issued a notice of dismissal on the basis that the request for hearing was not filed in a timely manner and that Plaintiff's declarations failed to establish good cause for the late request. [Varga Decla., Ex. 3.] The dismissal noted Plaintiff had the same address since 2005; that she timely responded to most, if not all, prior correspondence; and there was nothing in the record to suggest she had a limitation that would prevent her from making a timely request. [Id.] Furthermore, the ALJ noted that other circumstances weighed against a finding of good

---

[1] There is no dispute with respect to whether the correct addresses for Plaintiff and her attorney were used.

cause: Plaintiff abandoned a prior claim for benefits after the initial denial, and she waited an inordinately long time between receiving the initial determination in this case and inquiring about her claim. [Id.]

Plaintiff requested review of the ALJ's decision. On March 3, 2011, the Appeals Council denied review. [Varga Decla., Ex. 4.]

This action followed. In the Complaint, Plaintiff seeks either a finding that she is disabled or a remand for a hearing on the merits of her disability claim on the basis that: the record supports a finding of disability, the good cause finding was in error or, in the alternative, her due process rights were violated by the denial of a hearing. [See Docket no. 1.]

## II.  DISCUSSION

Defendant contends this court lacks jurisdiction over the complaint because there has been no "final decision" after a hearing, and Plaintiff has thus failed to exhaust her administrative remedies. Plaintiff essentially urges that the exhaustion requirement should be waived in this case.

**A.  Final Decision**

Judicial review of the denial of a DIB or SSI benefits claim is authorized and limited by 42 U.S.C. § 405(g), which provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which [s]he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g) (emphasis added); see also Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992). Relevant here, the final decision requirement is an exhaustion requirement, which may be waived. Cassim v. Bowen, 824 F.2d 791, 794 (9th Cir. 1987) (citing

Hironymous v. Bowen, 800 F.3d F.2d 888, 894 (9th Cir. 1986) and Mathews v. Eldridge, 424 U.S. 319, 328-30, 96 S. Ct. 893, 899-900, 47 L. Ed. 2d 18 (1976)) (final decision includes two elements: presentment and exhaustion). Absent waiver of the exhaustion requirement, there is no other avenue for judicial review of a denial of a claim for benefits. 42 U.S.C. § 405(h) ("No . . . decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.")

By the terms of the Act, then, a dismissal without a hearing is not a "final decision" subject to judicial review. See Hoye, 985 F.2d at 991; Boettcher v. Sec'y of Health and Human Servs., 759 F.2d 719, 720-21 (9th Cir. 1985); Bacon v. Sullivan, 969 F.2d 1517 (3rd Cir. 1992) (holding that the decision by the Social Security Administration not to consider an untimely request for review is not a "final decision" subject to judicial review); Sheehan v. Sec'y of Health, Ed. & Welfare, 593 F.2d 323, 327 (8th Cir. 1979) ("If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision.").

Consequently, because the ALJ here dismissed Plaintiff's hearing request as untimely and found no good cause to rebut the presumption that she received notice of the denial of her reconsideration request,[2] there is no "final decision," and this court lacks

---

[2] A request for hearing must be filed within sixty (60) days after the date the claimant receives notice of the previous determination. 20 C.F.R. §§ 404.933(b)(1), 404.901. It is presumed that a claimant received notice within five days of the printed date of the letter, unless the claimant shows otherwise. 20 C.F.R. §§ 404.901, 416.1401. If a hearing is not requested in time, the claimant may ask for an extension of time to request a hearing supported by a

4

jurisdiction to consider the complaint, absent a waiver. See Burbage v. Schweiker, 559 F. Supp. 1371, 1372-73 (C.D. Cal. 1983) (dismissing complaint for lack of jurisdiction where ALJ dismissed hearing request as untimely, found no good cause for extension, and appeals council affirmed); Boettecher v. Sec'y of Health and Human Servs., 759 F.2d at 723-24 (finding no waiver after request for hearing dismissed); Scott v. Astrue, 2009 WL 2338085 (D. Or. 2009)(dismissing complaint for lack of jurisdiction when plaintiff asked court to review commissioner's decision that he lacked good cause for untimely request for hearing).

**B. Waiver**

There is a waiver of the exhaustion requirement when a plaintiff makes a claim that is: (1) "collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purpose of exhaustion (futility)." Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003).

A claim is "collateral" to a claim for benefits when the plaintiff does not ultimately seek a benefits award, but rather challenges the Commissioner's failure to follow applicable regulations. Kildare v. Saenz, 325 F.3d at 1082. It is not enough for the plaintiff simply to challenge irregularities in her individual case, id., the complaint must allege a constitutional or statutory

---

showing of good cause for missing the deadline. 20 C.F.R. §§ 404.911, 416.1411, 404.933(c), 416.1433(c). An ALJ may dismiss a request for a hearing if the request was not filed within the sixty-five day period and the time period was not extended on a finding of good cause. 20 C.F.R. §§ 404.957(c)(3), 416.1457(c)(3). If a claimant seeks to challenge a dismissal made on this basis, she may then do so by requesting the dismissal be vacated on a showing of good cause made within sixty (60) days of the dismissal. 20 C.F.R. §§ 404.960, 416.1460.

challenge to a substantive policy of the Social Security Administration, <u>Johnson v. Shalala</u>, 2 F.3d 918, 921 (9th Cir. 1993).

Here, the complaint asks the court to find that the ALJ erred in concluding Plaintiff's request for a hearing was untimely and to either: (1) affirmatively find Plaintiff to be disabled or; (2) reverse for a hearing with respect to the merits of her disability claim. [<u>See</u> Complaint (docket no. 7) at 2, 3; <u>see also</u> Opposition to Motion to Dismiss at 7 (Conclusion).] Notwithstanding Plaintiff's allegation that due process was violated because her hearing request was dismissed, at its core this is a quintessential claim for benefits. <u>See</u> <u>Hironymous v. Bowen</u>, 800 f.2d 888, 894 (9th Cir. 1986) (holding that plaintiff's claim seeking to overturn a finding that he was ineligible for benefits is "inextricably intertwined" with claim for benefits, and that waiver of exhaustion requirement was thus not warranted). To the extent Plaintiff purports in her opposition to the motion to dismiss to seek a hearing limited to the issue of whether there was "good cause" for her untimely request – a suggestion she raises only in the body of that pleading [<u>see</u> Opposition to MTD at 3, 7] – she does not challenge the constitutionality of the Administration's policies as they relate to good cause determinations, or allege that the Administration is failing to follow law or its own policies in making good cause determinations. Her argument remains simply that the ALJ and Appeals Council erred in making findings of fact in her case, a claim that is "entirely dependent on [her] underlying claim[] for benefits." <u>Kildare v. Saenz</u>, 325 F.3d at 1083 (holding plaintiffs did not prove collaterality when they alleged a series of irregularities in individual cases).

With respect to the irreparability requirement, while economic

6

hardship may constitute irreparable harm, <u>Kildare v. Saenz</u>, 325 F.3d at 1083, other than the conclusory statement that she would suffer an economic loss if she does not receive benefits, Plaintiff makes no allegation of irreparable economic hardship.  As Defendant points out, Plaintiff may file a new application for benefits. [Motion to Dismiss at 6.]  Plaintiff's vague statement that she "could be" foreclosed from receiving Title II benefits because there "might" be *res judicata* effect to a later-filed claim does not suffice to make a "colorable showing of irreparable harm."  <u>Mathews v. Eldridge</u>, 424 U.S. at 331 (finding waiver where plaintiff established colorable claim that because of his physical condition and dependency upon the disability benefits, an erroneous termination would damage him in a way not recompensable through retroactive payments).

    Moreover, Plaintiff's claim of error appears to be without merit.  A review of the record reveals the ALJ carefully weighed Plaintiff's claim of good cause against the evidence in the record suggesting she received the denial notice but abandoned her claim as she had abandoned her prior application upon a denial.  [Vargas Decla. at 3, Exs. 3, 4.]  Under agency policy, the ALJ was not required to hold a hearing with respect to plaintiff's claim of good cause. <u>See</u> HALLEX I-2-60(D)(1).  Plaintiff had the opportunity to appeal the ALJ's dismissal and to provide additional evidence to support her good cause contention to the Appeals Council.  [Vargas Decla. at 3, Ex. 4.]  Plaintiff was thus afforded the "opportunity to be heard at a meaningful time and in a meaningful manner," and she does not establish a colorable constitutional claim denial of which could

conceivably cause her irreparable harm.  See Boettcher v. Sec'y of Health and Human Servs., 759 F.2d 719, 722 (9th Cir. 1985) (citing Mathews v. Eldridge, 424 U.S. at 333).

Finally, Plaintiff has not established futility.  Notwithstanding her use of the words "due process" in the complaint, Plaintiff does not articulate a constitutional challenge to the policies or practices of the Social Security Administration, thus asserting a constitutional claim that is beyond the experience and the expertise of the Social Security Administration to resolve.  See Weinberger v. Salfi, 422 U.S. 749, 765-66, 95 S. Ct. 2457, (1975).  Furthermore, to the extent Plaintiff seeks an award of benefits, there is no "decision" for this court to review, and still something "to be gained from permitting the compilation of a detailed factual record, or from agency expertise."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987)(citing Bowen v. City of New York, 477 U.S. 467, 106 S. Ct. 2022, 2032, 90 L. Ed. 2d 462 (1986)).  And to the extent she seeks remand for a hearing on the merits or on her good cause claim, the policies underlying exhaustion would not be served by remand.  Bowen v. City of New York, 476 U.S. at 484-85 (exhaustion is not to be excused when a claimant alleges irregularity in the agency's administration of its own regulations, because such errors are fully correctable upon administrative review).

In sum, Plaintiff has not established the requisites for a waiver of the exhaustion requirement, and the court thus lacks jurisdiction to consider her complaint.

### III. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The motion to dismiss is **GRANTED**.

2. This action is **DISMISSED**.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: November 2, 2011


_____
CARLA M. WOEHRLE
United States Magistrate Judge

9